I concur with the majority's opinion as to the first, second, third, fourth and sixth assignments of error.
I respectfully disagree with the majority's ruling that appellant's fifth assignment of error is without merit.
In his fifth assignment of error, appellant asserts that the trial court erred by imposing the one-year mandatory sentence on the firearm specification because the underlying conviction for receiving stolen property involved a stolen firearm. I would sustain appellant's fifth assignment of error.
The majority interprets the statutory scheme concerning crimes involving firearms too restrictively. The sine quo non of the Ohio statutes with firearm specifications requiring additional mandatory sentences is the use of a firearm in the perpetration or furtherance of a crime. In such cases, the firearm is a criminal tool that increases the danger of harm to a victim. With respect to receiving stolen property involving a stolen firearm, the firearm is the object of the crime. In R.C. 2929.14(D)(1)(e), the legislature recognized this distinction and excluded crimes involving firearms as objects (e.g. carrying a concealed weapon [R.C. 2923.12], illegal conveyance of a deadly weapon [R.C.2923.123], having a weapon while under a disability [R.C. 2923.51]) from additional mandatory firearm specification sentencing enhancements. While R.C. 2929.14(D)(1)(e) does not specifically mention R.C. 2913.51
(receiving stolen property), the purpose of that statute — to exclude crimes involving firearms as the object of the criminal activity — is readily evident. Just like carrying a concealed weapon involves a weapon, receiving a stolen weapon involves a weapon. The involvement of the stolen firearm does not enhance the crime, it is the gravamen of the crime. Under these circumstances, the imposition of an additional mandatory firearm specification sentence is error.
While I concur with the majority's opinion with respect to the other five assignments of error, I would sustain appellant's fifth assignment of error.